Richard F. Ensor (10877)
Michael C. Barnhill (12439)
MICHAEL BEST & FRIEDRICH, LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, Utah 84121
Telephone:   (801) 833-0500
Facsimile:    (801) 931-2500
rfensor@michaelbest.com
mcbarnhill@michaelbest.com

Attorneys for Plaintiff, AVT New Jersey, L.P.

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AVT NEW JERSEY, L.P., a Utah limited partnership,<br><br>                    Plaintiff,<br><br>v.<br><br>CUBITAC CORP., a New York corporation, and YOEL WEISS, a citizen of New York,<br><br>                    Defendants. | **COMPLAINT**<br><br>Civil No. 2:19-cv-00662-JNP<br><br>Judge Jill N. Parrish |

Plaintiff AVT New Jersey, L.P., by and through its undersigned counsel, hereby

complains against of Defendants Cubitac Corp. and Yoel Weiss, as follows:

### PARTIES

1.      Plaintiff AVT New Jersey, L.P. ("AVT") is a Utah limited partnership with its

principal place of business in Salt Lake County, Utah.  AVT has two partners, AVT Holdings,

Inc., a Utah corporation with its principal place of business in Salt Lake County, Utah, and

Avtech Capital, LLC, a Utah limited liability company, with its principal place of business in

Salt Lake County, Utah.  All members of Avtech Capital, LLC are Utah limited partnerships

with their principal places of business in Salt Lake County, Utah, and all partners of the limited partnerships are either Utah corporations based in Utah or individual citizens of the State of Utah.

2.    Defendant Cubitac Corp. is a New York corporation, with its principal place of business in Bergen County, New Jersey ("Cubitac").

3.    Defendant Yoel Weiss (also known as Joel Weiss) is an individual who resides in Orange County, New York, and a citizen of the State of New York ("Weiss").

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between AVT and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs, and under 28 U.S.C. § 1367.

5.    This Court has personal jurisdiction over the Defendants because they have transacted business in the State of Utah in connection with the subject matter of this Complaint and caused harm to AVT in the State of Utah.

6.    Additionally, each Defendant has consented to jurisdiction in the State of Utah.

7.    Each Defendant is thus subject to jurisdiction in this state pursuant to Utah's long arm statute, Utah Code Ann. § 78B-3-205(1) and (3), and they have sufficient minimum contacts with this state to satisfy the due process clause of the United States Constitution.

8.    Venue is proper in this district under 28 U.S.C. § 1391(a) and (b), as a substantial part of the events giving rise to the claims occurred in this District.

9.    Additionally, each Defendant has consented to venue in Utah.

## GENERAL ALLEGATIONS

10.     AVT is an equipment leasing company.

11.     AVT, as Lessor, entered Master Lease Agreement No. 2054282, dated May 9, 2019 (the "Master Lease") with Cubitac, as Lessee.

12.     In accordance with the Master Lease, Cubitac entered into Lease Schedule No. CUBI_001, dated May 9, 2019 (the "the Lease Schedule," and together with the Master Lease, the "Lease"), pursuant to which AVT leased to Cubitac certain equipment described in the Lease as the "Leased Property".

13.     Defendant Weiss entered into a Personal Guaranty, dated May 9, 2019 (the "Weiss Guaranty").

14.     Pursuant to the Weiss Guaranty, Weiss agreed to guarantee all of Cubitac's obligations under the Lease.

15.     By agreement, AVT sold and assigned certain rights under the Lease Schedule to a financial institution and has been designated servicer and agent to, among other things, take all actions to enforce the Lease Schedule and all available rights and remedies under the Lease.

16.     Beginning with the first regularly scheduled payment under the Lease due on August 1, 2019, Cubitac breached the Lease by failing to make the payment as required by the Lease.

17.     AVT has given notice to Cubitac that it is in breach of the Lease, but Cubitac has not cured its breach and remains in material default under the Lease.

18.     The Lease provides that the Leased Property shall at all times remain the property of the Lessor.

19.     The Lease provides that, upon the occurrence of an event of default, the Lessor may declare immediately due and payable all amounts due or to become due under the Lease.

20.     The Lease also provides that, upon the occurrence of an event of default, the Lessor may repossess the Leased Property.

21.     Despite Cubitac's material and ongoing breach of the Lease, Cubitac has not returned the Leased Property to AVT as required by the Lease.

22.     AVT has given notice to Weiss of Cubitac's default and of Weiss's obligations under the Weiss Guaranty.

23.     Despite AVT's notice to the Defendants, Cubitac and Weiss have failed to fulfill their obligations under the Lease and Guaranties, respectively.

**FIRST CAUSE OF ACTION**
**(Breach of Contract - Cubitac)**

24.     AVT re-alleges and incorporates the foregoing paragraphs.

25.     The Lease constitutes a valid and binding contract between Cubitac and AVT.

26.     AVT has fulfilled all of its obligations under the Lease.

27.     Cubitac has breached the Lease, including by failing to make all payments due under the Lease.

28.     As a direct and proximate result of Cubitac's default under the Lease, AVT has been damaged in an amount to be proven at trial not less than $2,061,076.59, plus default interest, applicable taxes, attorney fees and costs, together with such other and further relief as shall be just and proper.

## SECOND CAUSE OF ACTION
**(Breach of the Covenant of Good Faith and Fair Dealing - Cubitac)**

29.     AVT re-alleges and incorporates the foregoing paragraphs.

30.     The Lease contains an implied covenant that each party would act in good faith towards each other so that each party could enjoy the full benefits of the contractual relationship.

31.     As alleged above, Cubitac has willfully acted unfairly and breached the implied covenant of good faith and fair dealing.

32.     As a result of Cubitac's breach of the duty of good faith and fair dealing, AVT has been damaged in an amount to be proven at trial not less than $2,061,076.59, plus default interest, applicable taxes attorney fees and costs, together with such other and further relief as shall be just and proper.

## THIRD CAUSE OF ACTION
**(Breach of Contract - Weiss)**

33.     AVT re-alleges and incorporates the foregoing paragraphs.

34.     The Weiss Guaranty constitutes a valid and binding contract between Weiss and AVT.

35.     AVT has fulfilled all of its obligations under the Weiss Guaranty.

36.     Weiss has breached the Weiss Guaranty, including by failing to make all payments due under the Lease after Cubitac's default under the Lease.

37.     As a direct and proximate result of Weiss's default under the Weiss Guaranty, AVT has been damaged in an amount to be proven at trial not less than $2,061,076.59, plus default interest, applicable taxes, attorney fees and costs, together with such other and further relief as shall be just and proper.

## FOURTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing - Weiss)

38.     AVT re-alleges and incorporates the foregoing paragraphs.

39.     The Weiss Guaranty contains an implied covenant that each party would act in good faith towards each other so that each party could enjoy the full benefits of the contractual relationship.

40.     As alleged above, Weiss has willfully acted unfairly and breached the implied covenant of good faith and fair dealing.

41.     As a result of Weiss's breach of the duty of good faith and fair dealing, AVT has been damaged in an amount to be proven at trial not less than $2,061,076.59, plus default interest, applicable taxes attorney fees and costs, together with such other and further relief as shall be just and proper.

## FIFTH CAUSE OF ACTION CAUSE OF ACTION
### (Writ of Replevin)

42.     AVT re-alleges and incorporates the foregoing paragraphs.

43.     As a result of Cubitac's default, AVT is entitled to a writ of replevin immediately returning the Leased Property to AVT.

44.     AVT is entitled to possession of the Leased Property because AVT owns the Leased Property by virtue of its having paid for it, and pursuant to the Lease.

45.     Pursuant to the Master Lease, AVT is entitled to take possession of the Leased Property and/or require Cubitac to return the Leased Property to AVT.

46.     Cubitac has wrongfully detained and continues to wrongfully detain the Leased Property.

47.     Cubitac has indicated its unwillingness to return the Leased Property, despite its obligation to do so.

## SIXTH CAUSE OF ACTION
### (Foreclosure of Security Interests on All Assets of Cubitac)

48.     AVT repeats and re-alleges the preceding allegations.

49.     As set forth above, Cubitac has breached the Lease and is in default thereunder.

50.     The Lease provides that upon the occurrence an event of default, Cubitac granted to AVT a lien against all of Cubitac assets.

51.     In accordance with the Lease, following Cubitac's default and refusal to cure the default AVT filed a UCC-1 Financing Statement covering all of Cubitac's assets.

52.     Cubitac has refused to cure the breach of the Lease and remains in default thereunder.

53.     AVT is entitled to a judgment and decree of foreclosure of its lien against all assets of Cubitac, and to enforce its security interest in such assets by taking immediate possession thereof.

## SEVENTH CAUSE OF ACTION
### (Foreclosure of Security Interests on All Assets of Weiss)

54.     AVT repeats and re-alleges the preceding allegations.

55.     As set forth above, Weiss has breached the Weiss Guaranty and is in default thereunder.

56.     The Weiss Guaranty provides that upon the occurrence an event of default, Weiss granted to AVT a lien against all assets of Weiss.

57.     In accordance with the Weiss Guaranty, following Weiss's default and refusal to cure the default AVT filed a UCC-1 Financing Statement covering all of Weiss's assets.

58.     Weiss has refused to cure the breach of the Weiss Guaranty and remains in default thereunder.

59.     AVT is entitled to a judgment and decree of foreclosure of its lien against all of Weiss's assets, and to enforce its security interest in such assets by taking immediate possession thereof.

## PRAYER FOR RELIEF

WHEREFORE,

AVT New Jersey L.P. prays for relief as follows:

1.     For damages to be proven at trial determined at trial not less than $2,061,076.59, plus default interest, applicable taxes and costs for the First through Fourth Causes of Action;

2.     For a Writ of Replevin, and the entry of an immediate pre-judgment Order of Replevin requiring the immediate return of the Leased Property to AVT, for the Fifth Cause of Action;

3.     For a judgment and decree of foreclosure on AVT's lien against all assets of Cubitac, for the Sixth Cause of Action;

4.     For a judgment and decree of foreclosure on AVT's lien against all assets of Weiss, for the Seventh Cause of Action;

5.     For attorney fees and costs as allowed by the parties' contracts and by law;

6.     For interest as allowed by the parties' contracts and by law; and

7.      For such other and further relief as the Court deems just and proper.

DATED September 17, 2019.

MICHAEL BEST & FRIEDRICH

/s/ Richard F. Ensor_____
*Attorneys for Plaintiff AVT New Jersey, L.P.*