# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AVT NEW JERSEY, L.P., a Utah limited partnership,<br><br>                    Plaintiff,<br>v.<br><br>CUBITAC CORP., a New York corporation, and YOEL WEISS, a citizen of New York,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR ALTERNATIVE SERVICE<br><br>Case No. 2:19-cv-00662-JNP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

This case is referred to the undersigned from District Judge Jill Parrish under 28 U.S.C. § 636(b)(1)(A). (ECF No. 8). Pending before the court is Plaintiff's Ex Parte Motion for Service by Publication. (ECF No. 13). For the reasons set forth below the court will deny the motion without prejudice.

## BACKGROUND

Plaintiff AVT New Jersey, L.P. (AVT), filed suit against Defendant Cubitac Corp., a New York corporation, and Defendant Yoel Weiss (also known as Joel Weiss), who is an individual residing in Orange County, New York. AVT is an equipment leasing company that entered into a lease agreement with Cubitac to lease certain equipment. Mr. Weiss entered into a personal guarantee, guaranteeing Cubitac's obligations under the lease. Cubitac failed to make its first required payment under the lease and AVT filed suit. AVT alleges breach of contract and breach of the covenant of good faith and fair dealing by both Cubitac and Mr. Weiss. Plaintiff also seeks a writ of replevin and foreclosure on the security interests of Cubitac's and Mr. Weiss's assets.

Plaintiff seeks to serve Defendants "by first class and certified mail" after failing to serve Defendant Weiss "multiple times." The process server sought to serve Defendant Weiss as an individual defendant and agent for Defendant Cubitac at an address listed in the New York State Department of State Division of Corporations. The server was told to go to a neighboring address rather than the one listed on the website and "delivered the summons and complaint to an individual who, although he agreed to receive the documents, refused to identify himself." (ECF No. 13, p. 2). Because the individual did not identify himself, AVT sought to serve the summons and complaint via USPS Adult Signature Restricted Delivery to this same address with Mr. Weiss designated as the only individual who could sign for and receive the documents. Delivery was attempted on September 27, 2019, but on the following day, the documents were returned to sender because of an "incorrect address."

DISCUSSION

Federal Rule 4(e)(1) permits the court to allow service of process as afforded by Utah law. Utah Rule of Civil Procedure 4(d)(5)(A) provides:

> If the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, if service upon all of the individual parties is impracticable under the circumstances, or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means. An affidavit or declaration supporting the motion must set forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties. Utah R. Civ. P. 4(d)(5)(A).

The Utah Supreme Court noted that under this rule "litigants may not resort to service by publication until they have first undertaken reasonably diligent efforts to locate the party to be served. This reasonable diligence requirement arises from constitutional due process rights and the recognition that publication alone is generally not a reliable means of informing interested parties that their rights are at issue before the court." *Jackson Const. Co. v. Marrs*, 2004 UT 89, ¶

11, 100 P.3d 1211, 1215. A determination of reasonable diligence "properly focuses on the *plaintiff's* efforts to locate the defendant." *Id.* at ¶ 15. And, it includes factors such as "the number of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts …." *Id.* The reasonable diligence standard does not require a plaintiff to "'exhaust all possibilities' to locate and serve a defendant [but it does] require more than perfunctory performance." *Id.* at ¶ 19 (citations omitted).

> The diligence to be pursued and shown by the affidavit is that which is reasonable under the circumstances and not all possible diligence which may be conceived. Nor is it that diligence which stops just short of the place where if it were continued might reasonably be expected to uncover an address or the fact of death of the person on whom service is sought.... [Reasonable diligence] is that diligence which is appropriate to accomplish the end sought and which is reasonably calculated to do so. If the end sought is the address of an out-of-state defendant it encompasses those steps most likely, under the circumstances, to accomplish that result. *Id.* at ¶ 19.

> To meet the reasonable diligence requirement, a plaintiff must take advantage of readily available sources of relevant information. A plaintiff who focuses on only one or two sources, while turning a blind eye to the existence of other available sources, falls short of this standard. In a case such as this, involving out-of-state defendants, a plaintiff might attempt to locate the defendants by checking telephone directories and public records, contacting former neighbors, or engaging in other actions suggested by the particular circumstances of the case. Advances in technology, such as the Internet, have made even nationwide searches for known individuals relatively quick and inexpensive. *Id.* at ¶ 20.

In this case, Plaintiff has failed to provide an Affidavit detailing the efforts to serve Defendants. Plaintiff does provide a listing from the New York Division of Corporations website, an Affidavit of Service from the process server that merely states they delivered service to a place of business to "John Doe" who refused to provide a name, and a USPS tracking printout that shows a package was returned to sender because of an incorrect address. There is, however, no Affidavit from counsel as to what other steps have been taken to locate Defendants

or efforts concerning any attempts to serve Cubitac at the other address listed on the Division of Corporations website, which is included with Plaintiff's materials. Instead, Plaintiff has focused on only one address and after failing to have a person identify themselves, then mailed the summons and complaint to the same address that was returned because of an "incorrect address." Now Plaintiff seeks service by only mailing the summons and complaint via first class mail to this same address. This is precisely the type of perfunctory effort the Utah Supreme Court has disapproved. *See Advantage Media Grp., LLC v. Get Motivated Seminars, Inc.*, 2012 WL 3527227, at *2 (D. Utah Aug. 14, 2012) ("It appears that Plaintiff has focused on one source, Defendant's last known address, and has not taken advantage of other available sources of information."); *Jackson Const.* 2004 UT 89 (denying motion for service by publication where the plaintiff mailed to one address a letter that was returned as "undeliverable"). Such minimal efforts do not constitute reasonable diligence and as such, the court is unable to grant the motion at this time.

ORDER

It is therefore ORDERED that Plaintiff's Motion for Alternative Service is DENIED WITHOUT PREJUDICE.


DATED this 25 November 2019.


Dustin B. Pead
United States Magistrate Judge