IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AVT NEW JERSEY, L.P., a Utah limited partnership, <br><br> Plaintiff, <br> v. <br><br> CUBITAC CORP., a New York corporation, and YOEL WEISS, a citizen of New York, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ALTERNATIVE SERVICE AND DENYING MOTION FOR ENTRY OF DEFAULT <br><br> Case No. 2:19-cv-00662-JNP <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Dustin B. Pead |

This case is referred to the undersigned from District Judge Jill Parrish under 28 U.S.C. § 636(b)(1)(A). (ECF No. 8). Pending before the court are two motions. Plaintiff brings a Motion for Service by Publication (Alternative Service) (ECF No. 18.), and a Motion for Entry of Default. (ECF No. 20.) Defendant Cubitac Corp. has filed an opposition seeking an opportunity to Answer within 21 days if the court finds that service by Plaintiff has been properly effectuated. Because counsel for Cubitac has entered an appearance in this case and Defendant Yoel Weiss is listed as the company's chief executive officer, the court will deny Plaintiff's motions and order the parties to work toward adjudicating this case on the merits.[1]

On November 25, 2019, the court denied without prejudice Plaintiff's Motion for Alternative Service. (ECF No. 15.) The court found Plaintiff had exercised minimal efforts to properly effectuate service under the principles found in Fed. R. Civ. P. 4(e)(1), Utah Rule of Civil Procedure 4(d)(5)(A), the Utah Supreme Court case of *Jackson Const. Co. v. Marrs*, 2004 UT 89, 100 P.3d 1211, and a decision from this court, *Advantage Media Grp., LLC v. Get*

---

[1] Pursuant to DUCivR 7-1(f) the court elects to decide the matter on the basis of the written memoranda submitted by the parties.

*Motivated Seminars, Inc.*, 2012 WL 3527227 (D. Utah Aug. 14, 2012). Approximately a month later, Plaintiff brought a renewed motion for alternative service seeking service upon Defendant Yoel Weiss who is Cubitac's chief executive officer. (ECF No. 18.) Plaintiff then filed a Motion for Entry of Default as to Defendant Cubitac Corp. (ECF No. 20.), before the court acted on the renewed motion. Plaintiff argues Cubitac was served on December 17, 2019, citing to the Proof of Service filed with the court on this same date. (ECF No. 17.) The Proof of Service provides that a process server entered the business, experienced delay in getting a manager from the office to meet him and when a person was described as a general manager the process server "gently tapped [him] on left shoulder with envelope/documents and placed them on his chair." (ECF No. 17 p. 1.)

On January 23, 2020, Cubitac filed an opposition to Plaintiff's motion for default. (ECF No. 23.) Cubitac argues service was not proper and the purported general manager was actually not a general manager. Therefore, he could not accept service on behalf of Cubitac.

The Tenth Circuit has explicitly expressed that our "justice system has a strong preference for resolving cases on their merits whenever possible, …." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011). That preference is illustrated in the Local Rules when seeking a default. Under DUCivR 55-1 a Plaintiff seeking default is to file a motion that describes "with specificity the method by which each allegedly defaulting party was served with process in a manner authorized by Fed. R. Civ. P. 4, and the date of such service." Further, such a motion should include a "recitation of relevant facts, supporting authority and argument." DUCivR 7-1(a)(1)(B). Plaintiff's motion for default fails to fully meet these standards as it offers no supporting authority or argument and simply points the court to the Proof of Service without articulating why such efforts properly effected service. Based on the facts of this case, and what

appears to be some questionable conduct by Cubitac and Mr. Weiss to avoid service, the court is inclined to overlook the discrepancies in Plaintiff's motion. As noted by the Tenth Circuit though it is better to resolve a case on the merits. The court therefore will order as follows:

Plaintiff's Motion for Alternative Service is DENIED WITHOUT PREJUDICE AT THIS TIME.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default is DENIED WITHOUT PREJUDICE.

Because Cubitac now has counsel in this case, Plaintiff is ORDERED to work with counsel to properly serve Cubitac and Mr. Weiss who works for Cubitac. If Cubitac and Mr. Weiss continue to be evasive of service in any manner, Plaintiff may renew a motion for alternative service and seek a default. Cubitac seeks an opportunity to Answer the Complaint and it is clear from Cubitac's opposition to the motion for default that it is aware of this case. As such, Cubitac is to file a timely Answer promptly after the parties work out the details to properly effectuate service on all Defendants.

IT IS SO ORDERED.

DATED this 24 January 2020.

_____
Dustin B. Pead
United States Magistrate Judge