## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AVT NEW JERSEY, L.P., a Utah limited partnership,<br><br>Plaintiff,<br>v.<br><br>CUBITAC CORP., a New York corporation, and YOEL WEISS, a citizen of New York,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STRIKE DEFENDANTS' JURY DEMAND<br><br>Case No. 2:19-cv-00662-JNP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

This case is referred to the undersigned from District Judge Jill Parrish under 28 U.S.C. § 636(b)(1)(A). (ECF No. 8). Pending before the court is Plaintiff AVT New Jersey, L.P.'s Motion to Strike Defendants' Jury Demand. (ECF No. 36.) AVT asks the court to strike Defendants Jury Demand made on March 3, 2020. (ECF No. 35.) For the reasons set forth below, Plaintiff's Motion to Strike is granted.

## BACKGROUND

Plaintiff AVT New Jersey, L.P. filed suit against Defendant Cubitac Corp., a New York corporation, and Defendant Yoel Weiss (also known as Joel Weiss), who is an individual residing in Orange County, New York. AVT is an equipment leasing company that entered into a lease agreement with Cubitac to lease equipment. Mr. Weiss entered into a personal guarantee, guaranteeing Cubitac's obligations under the lease. Cubitac failed to make its first required payment under the lease and this suit followed.

Counsel from Smith & Associates represented Defendants during negotiations of the lease agreement and various terms in the agreement were changed or removed during

negotiations. *See* email regarding items to be revised ECF No. 41-5.  Paragraph 23 of the Master

Lease Agreement entered into by the parties provides the following:

> Governing Law; Venue; Jury Waiver. … All matters in any way relating to or
> arising out of any Lease, including without limitation any claim, dispute,
> controversy or the legal relationship between the parties shall be heard solely and
> exclusively in the state and federal courts located in Salt Lake County, Utah, no
> lawsuit, proceeding or any other action relating to or arising under the Lease
> Documents or the transactions contemplated thereby may be commenced or
> prosecuted in any other forum, and Lessor and Lessee . . . (c) to the fullest extent
> permitted by law waive all rights to a trial by jury.

Master Lease Agreement ¶ 23, ECF No. 36-1 p. 6. This language is in bold print.

The Personal Guaranty entered into by Defendant Weiss, contains a very similar

provision that waives the "rights to a trial by jury" "to the fullest extent permitted by law." (ECF

No. 36-2 p. 4.) This language is also in bold print.

At the end of the Master Lease Agreement in capitalized and bold print it states:

> LESSEE REPRESENTS THAT IT HAS FULLY AND CAREFULLY READ
> THIS MASTER LEASE AND THE LEASE DOCUMENTS PRIOR TO
> EXECUTION, UNDERSTANDS AND AGREES TO THE TERMS OF THIS
> MASTER LEASE AND THE LEASE DOCUMENTS AND LESSEE'S
> OBLIGATIONS UNDER EACH LEASE, … LESSEE  HAS BEEN (OR HAS
> HAD THE OPPORTUNITY TO BE) APPRISED BY LEGAL, . . . OR OTHER
> ADVISORS OF ITS OWN CHOOSING AS TO THE EFFECT AND MEANING
> OF THIS MASTER LEASE . . . , HAS BEEN AFFORDED THE
> OPPORTUNITY TO NEGOTIATE AS TO ANY AND ALL TERMS OF THIS
> MASTER LEASE . . . , THAT THIS MASTER LEASE AND THE LEASE
> DOCUMENTS HAVE BEEN NEGOTIATED AT ARMS' LENGTH BY
> PARTIES OF EQUAL BARGAINING POWER, ….

Master Lease Agreement p. 6, ECF No. 36-1.

AVT argues the jury waiver contained in the Master Lease Agreement and the Personal

Guaranty is unambiguous. And, Defendants knowingly and unconditionally waived their rights

to a jury trial as supported by the record. Defendants by contrast, take issue with the negotiations

surrounding the agreements asserting there was a gross disparity in the bargaining power of the

parties because Defendants had no other options, but to enter into this Lease Agreement, having failed to obtain necessary funding from others. Further, AVT refused to make requested revisions in the agreements and Defendant Weiss, despite being a businessman, "lacked the relevant 'professional experience' and sophistication necessary to 'knowingly' waive his right to a jury trial." (ECF No. 40 p. 8.) In short, Defendant Weiss never even noticed the bolded language waiving his right to a jury trial in the Master Lease Agreement or Personal Guaranty. Finally, Defendants argue it is premature to decide Plaintiff's motion without further discovery surrounding the assignment of the lease.

DISCUSSION

I.       The right to a jury trial

The Tenth Circuit has noted that the right to a jury trial in federal courts is governed by federal law. *See Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988); *see also, Simler v. Conner*, 372 U.S. 221, 221–22, 83 S.Ct. 609, 609–10, 9 L.Ed.2d 691 (1963) (per curiam) (providing that the jury trial right is controlled by federal law to insure uniformity in exercise required by the seventh amendment). "Agreements waiving the right to trial by jury are neither illegal nor contrary to public policy." *Telum*, 859 F.2d at 837; *see also Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832 (4th Cir.1986) (right to jury trial, although fundamental, may be knowingly and intentionally waived by contract); *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir.1985) (considering it "clear that the parties to a contract may by prior written agreement waive the right to jury trial"). Usually, courts have "refused to enforce jury waiver provisions only when there is a gross disparity in bargaining power or the waiver is inconspicuous." *TFG-N. Carolina, L.P. v. Performance Fibers, Inc.*, No. 2:08 CV 942 TC DN, 2009 WL 1415968, at *1 (D. Utah May 15, 2009) (citing *Telum*, 859 F.2d at 837).

Here, the facts indicate there was not a gross disparity in bargaining power. Defendants were represented by counsel during negotiations and even sought to change certain provisions. Defendant Weiss is also much more sophisticated than alleged. Defendants have been or are involved in other litigation as noted by Plaintiff and are not inexperienced rookies. (ECF No. 41-11, ECF No. 41-12, ECF No. 41-13.) The waivers contained in the Master Lease Agreement and the Guaranty were in bold print, making them conspicuous. And, there is nothing to indicate that the waiver was not entered into knowingly and voluntarily. Contrary to Defendants assertions, they were not strong armed into the contract, even if there was a pressing need to obtain financing to grow their business. The court is not persuaded further discovery is necessary to discern the contractual meaning of the waiver clauses or surrounding facts to determine if the wavier was knowingly and voluntarily made. "'If the language within the four corners of the contract is unambiguous, the parties' intentions are determined from the plain meaning of the contractual language, and the contract may be interpreted as a matter of law.'" *LifeVantage Corp. v. Domingo*, 2017 U.S. Dist. LEXIS 11751, *12-13 (D. Utah Jan. 18, 2017) (quoting *WebBank v. Am. Gen. Annuity Serv. Corp.*, 2002 UT 88, 54 P.3d 1139, 1144 (Utah 2002)).

The cases relied upon by Defendants are not persuasive. Those decisions rely on facts such as "an advantage in both bargaining power and level of sophistication over [the other party]" *Campbell Investments, LLC v. Dickey's Barbecue Restaurants, Inc.*, 2020 WL 927533, at *5 (D. Utah Feb. 26, 2020), a lack of evidence regarding whether counsel was retained in negotiations, *Tatonka Capital Corp. v. Connelly,* 2016 WL 9344257, at *12-13 (D. Colo. Dec. 29, 2016), or a party that lacked "any meaningful business experience." *Too Tall, Inc. v. Sara Lee Bakery Grp. Inc.*, 2008 WL 11322951, at *4 (D.N.M. July 17, 2008). Defendants here, on the other hand, are sophisticated parties with experience in business and litigation, had counsel

represent them in the negotiations and were not at a disadvantage in their bargaining power. The fact that Defendant Weiss allegedly never even noticed the bolded jury waiver language in two agreements, is simply not enough on the record before the court to deny Plaintiff's motion.

II.     Plaintiff's request for fees

Plaintiff seeks the fees incurred in bringing this motion. Plaintiff argues that by "filing their jury demand, Defendants once again breached their agreements." (ECF No. 36 p. 5.) In support Plaintiff points to portions of the Master Lease Agreement and the Personal Guaranty entered into by Defendant Weiss. Defendants do not directly respond to this argument. Instead, Defendants point to the attorney fees provisions as evidence that the Master Lease Agreement and Personal Guaranty unequally favored Plaintiff and are a "harsh non-reciprocal" provision indicative of the gross disparity in bargaining power. (ECF No. 40 p. 8, ECF No. 40-1 p. 3.) As noted previously, the record does not support Defendants arguments.

Paragraph 29(a) of the Master Lease provides: "Lessee shall reimburse Lessor, and Lessor shall be entitled to recover from Lessee, all costs, expenses and reasonable attorney fees incurred by Lessor: … (iii) in exercising any right or remedy under a Lease, …, including without limitation all costs and expenses incurred in connection with any … litigation expenses, …." (ECF No. 36-1 p. 6.) The Personal Guaranty contains a similar provision allowing the Lessor to be reimbursed and entitled to recover from Guarantor "all costs, expenses and reasonable attorney fees incurred by Lessor: … (ii) in exercising any right or remedy hereunder …." (ECF No. 36-2 p. 4.) Based on a plain meaning of the contractual terms, Plaintiff is entitled to fees here because Defendants agreed to waive the right to a jury trial and then sought to inappropriately reclaim that right by filing a jury demand. The court therefore will grant reasonable fees in bringing this motion. Plaintiff is to file an affidavit and supporting

documentation regarding fees in bringing this particular motion within thirty (30) days from the date of this order.

ORDER

It is therefore ORDERED that Plaintiff's Motion to Strike Jury Demand is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's request for fees in bringing the instant motion is GRANTED.

IT IS SO ORDERED.


DATED this 28 May 2020.


_____
Dustin B. Pead
United States Magistrate Judge