IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AVT NEW JERSEY, L.P., a Utah limited partnership,<br><br>                Plaintiff,<br>v.<br><br>CUBITAC CORP., a New York corporation, and YOEL WEISS, a citizen of New York,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER REGARDING PLAINTIFF'S SHORT FORM DISCOVERY MOTION<br><br>Case No. 2:19-cv-00662-JNP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

This case is referred to the undersigned from District Judge Jill Parrish under 28 U.S.C. § 636(b)(1)(A). (ECF No. 8). Plaintiff AVT New Jersey L.P., seeks an order from the court requiring Defendants to respond to AVT's first set of discovery requests. Plaintiff filed the motion on September 16, 2020, and to date, no response has been filed by Defendants. The court will order Defendants to show cause why the motion should not be granted. In addition, the court orders Plaintiff to comply with the Local Rules as set forth below.

Plaintiff AVT New Jersey, L.P. filed suit against Defendant Cubitac Corp., a New York corporation, and Defendant Yoel Weiss (also known as Joel Weiss), who is an individual residing in Orange County, New York. AVT is an equipment leasing company that entered into a lease agreement with Cubitac to lease equipment. Mr. Weiss entered into a personal guarantee, guaranteeing Cubitac's obligations under the lease. Cubitac failed to make its first required payment under the lease and this suit followed.

On September 16, 2020, AVT filed a Short Form Discovery Motion. Local Rule 37-1, which governs discovery disputes such as this, provides that "The opposing party must file its response five business days after the filing of the Motion, unless otherwise ordered." To date, no

response has been filed. Local Rule 7-1(d) states that a "Failure to respond timely to a motion, other than for summary judgment, may result in the court's granting the motion without further notice." Thus, Defendants are ORDERED to show cause why the Plaintiff's motion should not be granted.

Rule 37-1 also provides that a short form discovery motion,

> must include a certification that the parties made reasonable efforts to reach agreement on the disputed matters and recite the date, time, and place of such consultation and the names of all participating parties or attorneys. The filing party should include a copy of the offending discovery request/response (if it exists) as an exhibit to the Short Form Motion. Each party should also email chambers a proposed order setting forth the relief requested in a word processing format.

DUCivR 37-1(4). Plaintiff has failed to comply with these requirements. There is no copy of the discovery requests or responses attached to the motion. At a minimum, the court needs the discovery requests even if Defendants have refused to respond. Otherwise the court is left in the dark as to the discovery requests or any possible responses. Plaintiff is therefore ORDERED to comply with Rule 37-1.

ORDER

Plaintiff is HEREBY ORDERED to comply with Rule 37-1 in seeking to compel responses to its discovery requests.

Defendants are HEREBY ORDERED to show cause why Plaintiff's motion should not be granted for failing to respond.

All parties are to comply with this order within ten (10) days.

IT IS SO ORDERED.

DATED this 7 October 2020.

_____
Dustin B. Pead
United States Magistrate Judge