FILED
2021 SEP 22 PM 12:06
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AVT NEW JERSEY, L.P., <br><br> Plaintiff, <br><br> v. <br><br> CUBITAC CORPORATION and YOEL WEISS; <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT <br><br> Case No. 2:19-cv-00662-JNP-DBP <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Dustin B. Pead |

Plaintiff AVT New Jersey, L.P. ("AVT") filed a motion seeking partial summary judgment on the first, third, sixth, and seventh causes of action set forth in its complaint. The court GRANTS the partial motion for summary judgment.

**FACTUAL BACKGROUND**

On May 9, 2019, AVT and Cubitac Corporation ("Cubitac") entered into a Master Lease Agreement ("Master Lease") under which AVT would purchase certain equipment and subsequently lease it to Cubitac. In exchange, Cubitac was to make 42 monthly payments, which the Master Lease refers to as "Basic Rent" payments, each in the amount of $40,825.41. In addition, Yoel Weiss ("Weiss"), President of Cubitac, entered into a Personal Guaranty ("Guaranty") with AVT providing that Weiss would be liable for Cubitac's obligations under the lease agreement if Cubitac defaulted.

AVT purchased the equipment, which was fully installed for Cubitac's use in July 2019. The Master Lease required Cubitac to begin making payments on July 1, 2019. Cubitac never

made a single monthly payment. To date, Cubitac has paid a $40,825.41 prepayment and partial payments totaling $30,000. Weiss has not made any payments to AVT.

The Master Lease contains a liquidated damages provision. It provides if the lessee has delivered no monthly payment yet, the "Stipulated Loss Value" for a breach of contract is $2,101,902 less any payment Cubitac has already made, in this case $70,825.41. The agreement also provides that any liquidated damages accrue interest from the date of default at an interest rate of 18% per annum.

On September 17, 2019, AVT filed this lawsuit against Cubitac and Weiss, asserting breach of contract and breach of the covenant of good faith and fair dealing claims against both Defendants. The complaint also included causes of action for replevin and foreclosure of security interests against each Defendant. Around the same time, AVT recorded an "all asset" lien against Cubitac and Wiess in the State of New York. AVT now moves for summary judgment on the breach of contract and foreclosure of security interest claims against both Defendants.

## ANALYSIS

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met this burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted).

Plaintiff AVT argues that it is entitled to summary judgment in its favor against Cubitac and Weiss because it is undisputed that Cubitac breached the lease agreement, and that Weiss did

not comply with his obligation under the Guaranty to pay the amounts owed by Cubitac. AVT further argues that, under the Master Lease, it is entitled to cumulative damages including liquidated damages with interest as well as foreclosure. Defendants respond that summary judgment is not appropriate because there remains a genuine issue of material fact related to the amount of damages to which AVT is entitled. Specifically, Defendants argue that, per the Master Lease, they are entitled to a reduction in judgment in the as-yet-unknown amount that AVT collects from future sale or re-lease of the equipment.

## I.   BREACH OF CONTRACT CLAIMS

To establish a claim for breach of contract under Utah law,[1] a party must establish the following elements: (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages. *Am. West Bank Members, L.C. v. Utah*, 342 P.3d 224, 230-31 (Utah 2014) (citation omitted). The parties do not dispute the first three elements. ECF No. 63, p. 8 ("Defendants do not dispute that Plaintiff has established the first three elements of its breach of contract claim."). AVT had a contract with Cubitac (the Master Lease) and Weiss (the Guaranty). AVT fully performed its requirements under the Master Lease by paying $1.6 million for equipment selected and used by Cubitac. Cubitac breached the Master Lease by failing to make a single monthly payment. Weiss breached the Guaranty by failing to make any payment to AVT.

The only dispute regards damages. AVT seeks money damages including liquidated damages in the amount of $2,031,076.59, interest at the rate of 18% per annum, and attorney's fees and costs. Defendants do not dispute that AVT is ultimately entitled to such money damages.

---

[1] The court applies Utah law under the choice of law provisions in the Master Lease and Guaranty agreements. *See* ECF No. 62-1, p.10 ¶ 23 ("This Master Lease and any Schedule shall be governed in all respects by the laws of the State of Utah regardless of conflicts of laws principles."); ECF No. 62-1, p. 26 ¶ 15 (same).

3

Rather, Defendants argue that a dispute of material fact as to the damages amount remains because the amount may be reduced by the net proceeds of the possible sale or re-lease of the equipment.

Paragraph 20 of the Master Lease provides that AVT is entitled to sell or re-lease the equipment and "apply the net proceeds . . . to Lessee's obligations with Lessee remaining liable for any deficiency and with any excess being retained by Lessor." ECF No. 62-1, p. 9, ¶ 20. Because "the language within the four corners of the contract is unambiguous" the court simply applies "the plain meaning of the contractual language." *Green River Canal Co. v. Thayn*, 84 P.3d 1134, 1141 (Utah 2003) (citation omitted). If the sale or re-lease of the equipment happens after Defendants fully satisfy the judgment, the terms of the contract allow AVT to retain the proceeds of the sale. This raises no question of material fact as to the damages amount due by Defendants. Alternatively, if the sale or re-lease of the equipment happens before Defendants satisfy the judgment, AVT should apply the net proceeds towards the judgment. Again, this raises no question of material fact as to the damages because, while the judgment may later be paid in part by any net proceeds, it does not affect the judgment amount entered by this court. Defendants argue that AVT may fail to deduct any net proceeds from the judgment leading to further litigation. But this is purely speculative. More importantly, this hypothetical scenario does not raise any question of material fact as to what the amount of judgment should be here. Accordingly, Defendants have failed to meet their burden to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted).

Defendants also cursorily argue in their response that AVT "may not elect *all* potential remedies if it means a double recovery." ECF No. 63, p. 2. But that is exactly what Defendants agreed to in the Master Lease. The agreement specifically states that "[n]o remedy herein is intended to be exclusive, but each shall be cumulative" and that "[a]ny and *all* such rights and

4

remedies may be exercised." ECF No. 62-1, p. 9 (emphasis added). The remedies provision in this contract may be a bad bargain for Defendants. But "[p]eople should be entitled to contract on their own terms without the indulgence of paternalism by courts in the alleviation of one side or another from the effects of a bad bargain." *Carlson v. Hamilton*, 332 P.2d 989, 990 (Utah 1958). Absent any argument from Defendants that the agreement is unconscionable, the court will enforce the terms of the agreement to which the parties agreed. *See Commercial Real Est. Inv., L.C. v. Comcast of Utah II, Inc.*, 285 P.3d 1193, 1202 (Utah 2012) ("[U]nless enforcement of a liquidated damages clause would be unconscionable, we should recognize and honor the right of persons to contract freely and to make real and genuine mistakes when the dealings are at arms' length." (citation omitted)); *see also Mazuma Cap. Corp. v. Bluewater Equip. Rentals, Inc.*, No. 2:08-cv-538, 2009 WL 1066998, at *10 (D. Utah Apr. 21, 2009) (rejecting the argument that repossession of the equipment and liquidated damages constituted double recovery in a similar contract). Therefore, the court GRANTS summary judgment as to the breach of contract claims against both Defendants.

In conclusion, as a result of the breach of contract, AVT is presently entitled to the following:

- $2,031,076.59 based on the Stipulated Loss Value Schedule; plus

- Interest at a rate of 18% per annum on $2,031,076.59, accrued from August 19, 2019, the date AVT notified Defendants of their default, until the sum is paid; plus

- Immediate possession of all lease equipment, according to the terms of this court's replevin order (ECF No. 60), with net proceeds upon disposal to be applied to Cubitac's outstanding obligations under the Master Lease; plus

- Reasonable attorneys' fees and costs.

## II.      FORECLOSURE CLAIMS

AVT additionally moves for summary judgment on its foreclosure claims against Cubitac and Weiss that seek to foreclose on its blanket security interests against both Defendants. The Master Lease and Guaranty grant a security interest as to all assets (enumerated in the agreements) of the relevant Defendant in the event of a default. ECF No. 62-1, p.11 ¶ 30(b), p. 24 ¶ 2.

AVT claims that it has perfected its blanket security interest against each Defendant. According to Utah law, "while a debtor is located in a jurisdiction, the local law of that jurisdiction governs perfection" for purposes of security interests. UTAH CODE § 70A-9a-301(1). Cubitac is located in New York and Weiss resides in New Jersey. Both New York and New Jersey have adopted the Uniform Commercial Code's article 9 provision on perfection of security interests that states "a financing statement must be filed to perfect all security interests" unless perfection occurs by another permissible method. N.Y. U.C.C. LAW § 9-310(a); N.J. STAT. 12A:9-310(a). New York and New Jersey law each require that the financing statement include the name of the debtor and the name of the secured party. N.Y. U.C.C. LAW § 9-502(a)(1)-(2); N.J. STAT. 12A:9-502(a)(1)-(2). The statement must further indicate the collateral covered by the financing statement. N.Y. U.C.C. LAW § 9-502(a)(3); N.J. STAT. 12A:9-502(a)(3). An indication of collateral covered is sufficient if the financing statement provides "an indication that the financing statement covers all assets or all personal property." N.Y. U.C.C. LAW § 9-504(2); N.J. STAT. 12A:9-504(2).

The UCC-1 financing statements submitted by AVT clearly meet all three requirements. Each financing statement lists the name of the debtor, lists AVT as the secured party, and indicates that the financing statement covers "[a]ll assets of Debtor." ECF No. 62-1, p. 38, 40. As such, AVT has met its initial burden of demonstrating the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Defendants do not respond to the motion for

summary judgment on the foreclosure claims beyond the argument discussed in the previous section. In the absence of "specific facts showing that there is a genuine issue for trial," the court GRANTS AVT's motion for summary judgment on the foreclosure claims.

## CONCLUSION

AVT is entitled to summary judgment on its breach of contract and foreclosure claims against Cubitac and Weiss. Accordingly, the court GRANTS AVT's partial motion for summary judgment on its first, third, sixth, and seventh causes of action. ECF No. 62. The court notes that it previously has granted AVT's motion for a writ of replevin, which was AVT's fifth cause of action. Therefore, only AVT's second and fourth causes of action remain to be adjudicated. Within ten (10) days of this order, counsel for AVT is directed to notify the court as to whether it intends to pursue its second and fourth causes of action for breach of the implied duty of good faith and fair dealing. If AVT does not intend to pursue them, counsel for AVT is directed to submit to the court, with a copy to counsel for Cubitac and Weiss, a notice voluntarily dismissing those claims and a proposed final judgment.

DATED September 22, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge